25-38-cv
*Abadi v. Greyhound Lines, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> EUNICE C. LEE,
> *Circuit Judges,*
> ERIC R. KOMITEE,
> *District Judge.*[*]

_____

Aaron Abadi,

> *Plaintiff-Appellant,*

> v.

> 25-38

_____

[*] Judge Eric R. Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

**Greyhound Lines, Inc.,**

        *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | AARON ABADI, pro se, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | NICHOLAS P. CHRYSANTHEM, Marshall Dennehey Warner Coleman & Goggin, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Aaron Abadi, proceeding *pro se*, appeals from the district court's judgment dismissing his action against Greyhound Lines, Inc. ("Greyhound"). Abadi sued Greyhound under the Americans with Disabilities Act ("ADA"), Rehabilitation Act, 42 U.S.C. §§ 1985(3) and 1986, New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and New

Jersey Law Against Discrimination ("LAD"), asserting that Greyhound failed to accommodate, during the COVID-19 pandemic, his disability that impeded his wearing a mask. Greyhound moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Abadi's complaint. The district court granted the motion, dismissing Abadi's complaint for lack of standing, as time-barred, and for failure to state a claim. *Abadi v. Greyhound Lines, Inc.*, No. 23-cv-07645 (JLR), 2024 WL 5155601 (S.D.N.Y. Dec. 18, 2024). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review *de novo* the district court's decision to dismiss a complaint for lack of standing[,] construing the complaint in plaintiff's favor and accepting as true all material factual allegations contained therein." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (citation omitted). "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (citation omitted). Because Abadi "has been

3

*pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

For substantially the reasons identified by the district court, we affirm. We agree that Abadi lacked standing to assert a claim under Title III of the ADA. "A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004). "In the ADA context . . . a plaintiff seeking injunctive relief has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's" use of and the convenience of defendant's facilities, that plaintiff intended to use them again. *Calcano*, 36 F.4th at 74 (alteration accepted, internal quotation marks and citation omitted); *see also Pincus v. National R. Passenger Corp.*, 581 F. App'x 88, 90 (2d Cir. 2014) (summary order) ("Given [plaintiff's] prior use of Amtrak, her residence in a city with an Amtrak station, and the distinct and widespread nature of Amtrak's services in

4

providing access to intercity travel, it is reasonable to infer . . . that [plaintiff] intends to patronize Amtrak again.").

Here, the district court was correct that Abadi failed to allege any past injury. He did not allege that Greyhound denied him services or refused to provide him an accommodation; rather, he alleged that Greyhound provided him with instructions to request an accommodation, and he chose not to seek one. The district court was also correct that Abadi did not plausibly allege that discriminatory treatment would continue or that he planned to use Greyhound's services in the future. Abadi acknowledged that "the mask mandate is currently not in effect," and his assertion that the government was pursuing reinstatement of the mask mandate was conclusory. Complaint ¶ 71. Although he alleged that he had been planning trips to California and Texas in 2021, he did not allege any facts showing that he was planning any future trips on Greyhound buses. *See generally Calcano*, 36 F.4th at 76 ("Plaintiffs' assertions of proximity and prior visits are vague, lacking in support, and do not plausibly establish that Plaintiffs intended to return to the subject location." (internal quotation marks and citation omitted)).

We also agree that Abadi failed to state a claim under 42 U.S.C. § 1985 or § 1986. "To state a civil rights conspiracy under § 1985(3), a plaintiff must allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Gray v. Town of Darien*, 927 F.2d 69, 73 (2d Cir. 1991). Here, Abadi's allegations of a conspiracy were conclusory. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("It is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." (internal quotation marks and citation omitted)). And because Abadi failed to state a § 1985 claim, his § 1986 claim failed as well. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) ("[A] § 1986 claim must be predicated upon a valid § 1985 claim.").

We further agree that Abadi failed to state a Rehabilitation Act claim. "To assert a claim under . . . section 504 of the Rehabilitation Act, a plaintiff must

6

demonstrate that (1) he is a qualified individual with a disability; (2) the defendant is subject to [the Rehabilitation Act]; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Even assuming *arguendo* that Abadi adequately alleged the other elements, Abadi failed to allege that he was excluded from Greyhound's facilities or services because of a disability. "[A] defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual to have access to and take a meaningful part in public services." *Id.* (internal quotation marks and citation omitted).

Here, Abadi alleged that Greyhound responded to his request for an accommodation with instructions as to how he could obtain an exemption from the masking mandate. Abadi took no further action to seek an accommodation because he was dissatisfied with the procedure offered by Greyhound; his dissatisfaction, however, does not mean that Greyhound's action amounted to discrimination. *See id.* at 641 (A public entity "does not have to provide a

disabled individual with every accommodation he requests or the accommodation of his choice.").

Finally, we agree, substantially for the reasons stated by the district court, that Abadi failed to state a claim under the NYSHRL and NYCHRL, and that his LAD claim was time-barred.

We have considered all of Abadi's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court